FILED
CLERK, U.S. DISTRICT COURT

JUN - 2 2025

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BILLY RAYMOND DAVIS,<br><br>Defendant. | Case No. 25-MJ-3333<br><br>ORDER OF DETENTION |

## I.

On June 2, 2025, Defendant Billy Raymond Davis[1] made his initial appearance on the Criminal Complaint filed in this matter. Deputy Federal Public Defender Ryan Shelley was appointed to represent Defendant. The government was

---

[1] Defendant stated that his true name was Billy Ray Davis.

represented by Assistant United States Attorney Lauren Border. A detention hearing was held.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the arguments presented at the hearing and the report and recommendation prepared by U.S. Probation and Pretrial Services.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ At time of arrest, Defendant jumped off the balcony of his apartment and onto the balcony of another apartment which he then entered and exited. Defendant was later found hiding in the stairwell in the apartment building.

☒ admitted sale of methamphetamine and other drugs

As to danger to the community:

☒ allegations in the criminal complaint include possession with intent to sell controlled substances – Defendant sold one pound of methamphetamine to a confidential source. A search of Defendant's residence revealed large volume of controlled substances and eight loaded firearms.

☒ Criminal History includes armed robbery conviction in 1979.

☒ history of substance abuse

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will

deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: June 2, 2025

                                                              /s/
                                           ALKA SAGAR
                        UNITED STATES MAGISTRATE JUDGE